UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

May 20, 2021

Vincent J. Piazza, Esq.
The Disability Law Center of
Robert S. Piazza, Jr.
6716 Harford Rd.
Baltimore, MD 21234

Jamie Dixon, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject:   Sukarno C. v. Andrew Saul, Commissioner, Social Security Administration
           Civil No.: BPG-20-1293

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 4), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 12) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 13). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 12) is denied and Defendant's Motion (ECF No. 13) is granted.

### I. Background

On December 10, 2010, plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") and a Title XVI application for supplemental security income ("SSI"), alleging disability beginning on December 31, 1996.[1] (R. at 102, 297-300). Plaintiff later amended his disability onset date to February 25, 2017. (R. at 1248). Plaintiff's DIB claim did not proceed through the administrative process due to insufficient work history (R. at 308–09), and his SSI application was initially denied on March 3, 2011, and on reconsideration on October 6, 2011. (R. at 164, 168). After a hearing held on January 14, 2013, an Administrative Law Judge ("ALJ") issued a decision on March 13, 2013, denying benefits based on a determination that plaintiff was not disabled. (R. at 119-26). The Appeals Council then remanded plaintiff's case for further consideration (R. at 132-34), and a second hearing was held on October 6, 2014 (R. at 10-39). On January 30, 2015, the ALJ again determined that plaintiff was not disabled during the relevant time frame. (R. at 139-53). The Appeals Council denied plaintiff's request for review on May 23, 2016, making the ALJ's opinion dated January 30, 2015, the final and reviewable decision of the Social Security Administration. (R. at 1-5).

---

[1] I note that plaintiff's application for SSI was not included in the administrative record.

Plaintiff then filed a civil action in this court, and on June 19, 2017, the case was remanded for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). (R. at 723-28). A third hearing was held on January 9, 2018, and on February 12, 2018, the ALJ again found that plaintiff was not disabled during the relevant time frame. (R. at 650-67). Plaintiff then filed another civil action in this court, and on April 16, 2019, the case was again remanded for further analysis. (R. at 1173-76). A fourth hearing was held on January 14, 2020, and on March 18, 2020, the ALJ found plaintiff was not disabled. (R. at 1098-1111). Plaintiff then filed the current suit, challenging the Social Security Administration's decision on the grounds that: 1) the ALJ failed to build an accurate and logical bridge between plaintiff's residual functional capacity ("RFC") and functional limitations; and 2) the ALJ failed to resolve conflicts between the Dictionary of Occupational Titles ("DOT") and the vocational expert's ("VE's") testimony at step five.

## II. Discussion

Plaintiff argues that the ALJ failed to properly link plaintiff's functional limitations discussed in step three with plaintiff's RFC limitations. The RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "Only after that may [the RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. "In performing this assessment, an ALJ 'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). "In other words, the ALJ must both identify evidence that supports [their] conclusion and 'build an accurate and logical bridge from [that] evidence to [their] conclusion.'" Id. (citing Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

Here, plaintiff argues that the ALJ failed to "build an accurate and logical bridge" between plaintiff's moderate limitations in interacting with others, adapting and managing himself, and concentration, persistence and pace at step three, and plaintiff's RFC limitations. (ECF No. 12-1 at 17-21). As defendant explains, plaintiff's "argument appears to be that the evidence cited by the ALJ supports lesser limitations than those contained in the RFC . . . and that the ALJ therefore failed to link the evidence [cited at step three] to the RFC." (ECF No. 13-1 at 5-6).

At step three, the ALJ stated that plaintiff had, at most, a moderate limitation in interacting with others because he alleged "difficulty engaging in social activities and spending time in crowds." (R. at 1103). The ALJ goes on, however, to state examples of plaintiff's successful interactions with others, such as spending time with his family and attending therapy sessions and NA meetings. (Id.) In the RFC, the ALJ included limitations for plaintiff to "hav[e] only occasional interaction with supervisors, coworkers, and the public and few changes in the routine work setting." (R. at 1104). Plaintiff argues that the ALJ failed to "build an accurate and logical bridge" from plaintiff's moderate limitation in interacting with others identified at step three to the RFC limitations because "it simply does not follow that an individual who has no limitations in . . . getting along with others and attend[ing] psychotherapy and NA meetings would be so

limited [in his RFC] that he can interact less than 1/3 of an 8-hour workday with supervisors, coworkers and the public." (ECF No. 12-1 at 18). Plaintiff makes similar arguments regarding the ALJ's findings at step three that plaintiff had moderate limitations in adapting and managing himself and concentration, persistence and pace. (Id. at 19-20). The ALJ noted in plaintiff's RFC, however, that the ALJ included plaintiff's RFC limitations "[o]ut of an abundance of caution, despite regularly normal mental status examinations, including good concentration, average fund of knowledge, normal memory, and other normal mental findings." (R. at 1109).

Contrary to plaintiff's position, the ALJ provided an adequate explanation as to why these limitations were included in plaintiff's RFC. Shinaberry v. Comm'r, SSA, No. SAG-17-1376, 2018 WL 3973079, at *2 (D. Md. July 26, 2018), aff'd, 952 F.3d 113 (4th Cir. 2020) (finding the ALJ's explanation to be adequate where it allowed the court to understand the ALJ's conclusion). Accordingly, the ALJ provided "an accurate and logical bridge" connecting plaintiff's moderate functional limitations to plaintiff's RFC limitations. Indeed, even if the ALJ erred in their explanation or lack thereof, any error would be harmless error. There is no possibility of prejudice because plaintiff did not, and cannot, demonstrate how a more restrictive RFC caused him harm. See Shinseki v. Sanders, 556 U.S. 396, 407-10 (2009) (concluding that "the party that 'seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted'" (quoting Palmer v. Hoffman, 318 U.S. 109, 116 (1943)), Mira M. v. Comm'r, SSA, No. SAG-17-2333, 2019 WL 285956, at *3 (D. Md. Jan. 22, 2019) (finding harmless error "because it was to [p]laintiff's benefit that the ALJ included a more restrictive RFC."). Accordingly, remand is not warranted on this issue.

Plaintiff also argues that the RFC fails to address his moderate limitation in concentration, persistence, and pace. (ECF No. 12-1 at 25-27). Citing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), plaintiff states that the RFC limitation to "simple, routine and repetitive tasks of unskilled work . . . that does not require a production pace" does not address whether plaintiff has the ability to maintain concentration throughout the workday. (Id.) The Fourth Circuit remanded in Mascio because the ALJ's RFC assessment—and the hypothetical upon which it was based—only limited the claimant to unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in concentration, persistence, or pace. Mascio, 780 F.3d at 637-38. The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, observing that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. at 638. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. Id.

Here, the ALJ provided such an explanation in plaintiff's RFC. The ALJ notes that plaintiff's "record regularly indicates good concentration," but the moderate limitation in concentration, persistence, and pace was included "out of an abundance of caution." (R. at 1109). The ALJ goes on to state that plaintiff's limitations "are adequately addressed by the pace restriction provided." Accordingly, since the ALJ provided an explanation as to how plaintiff's

Sukarno C. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-20-1293
May 20, 2021
Page 4

RFC limitations addressed his moderate limitation in concentration, persistence, and pace, the ALJ has avoided the error that occurred in Mascio. Therefore, remand is not warranted on this issue.

Plaintiff's final argument is that the ALJ failed to resolve conflicts between the Dictionary of Occupational Titles ("DOT") and the vocational expert's ("VE's") testimony at step five. At step five, "the ALJ considers the claimant's age, education, work experience, and residual functional capacity to decide whether he can perform alternative work that exists in significant numbers in the national economy." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (citing 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c)). At this step, "the Commissioner bears the burden to prove that the claimant is able to perform alternative work." Id. (citing Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987)). "To answer this final question—whether sufficient other work exists for the claimant in the national economy—the ALJ 'rel[ies] primarily'" on the DOT. Id. (citing Social Security Ruling 00–4p, 2000 WL 1898704 (Dec. 4, 2000), at *2). ALJs may also utilize VEs "to address complex aspects of the employment determination, including the expert's observations of what a particular job requires in practice or the availability of given positions in the national economy." Id. At ALJ hearings, however, the ALJ must "'inquire, on the record, . . . whether' the vocational expert's testimony 'conflict[s]' with [the DOT], and also requires that the ALJ 'elicit a reasonable explanation for' and 'resolve' conflicts between the expert's testimony and [the DOT]." Id. at 207–08. "The ALJ must, by determining if the vocational expert's explanation is 'reasonable,' resolve conflicts 'before relying on the [vocational expert's] evidence to support a determination or decision about whether the claimant is disabled.'" Id. at 208.

Here, plaintiff argues that a conflict exists between the DOT and the VE's testimony because the positions identified by the VE, and by the ALJ at step five, require reasoning code Level 2 or higher, but plaintiff's RFC limits him to "simple, routine, repetitive tasks of unskilled work." (ECF No. 12-1 at 22). As defendant notes, however, the Fourth Circuit has found that there is no conflict between "simple, routine, repetitive tasks of unskilled work" and reasoning code Level 2's "concept of 'detailed but uninvolved instructions.'" Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019). Therefore, plaintiff's argument is unavailing.

Plaintiff also argues that the ALJ failed to resolve conflicts between the VE's testimony and the DOT regarding plaintiff's limitations to a temperature-controlled environment, work that requires no more than occasional depth perception and only occasional interaction with supervisors, coworkers, and the public, and few changes in the routine work setting. (ECF No. 12-1 at 23-24). While the DOT does not address these limitations, plaintiff does not explain why these limitations present apparent conflicts with the DOT. The Fourth Circuit has held that the ALJ must only address apparent conflicts between the DOT and the VE's testimony, not all possible conflicts. Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015); see also Rebecca B. v. Saul, No. SAG-18-3356, 2019 WL 3936815, at *4 (D. Md. Aug. 20, 2019) ("[T]he fact that the VE addressed factors not discussed by the DOT does not mean that an apparent conflict exists."). Additionally, the VE testified at plaintiff's hearing that all the identified jobs were reduced in number by 50% "in order to eliminate concerns that are in the hypothetical" and the ALJ specifically questioned the VE regarding plaintiff's limitation to no more than occasional depth perception. (R. at 1167-68). Accordingly, the ALJ's step five determination is supported by

<u>Sukarno C. v. Andrew Saul, Commissioner, Social Security Administration</u>
Civil No.: BPG-20-1293
May 20, 2021
Page 5

substantial evidence and remand is not warranted on this issue.

### III. <u>Conclusion</u>

For the reasons stated above, Plaintiff's Motion (ECF No. 12) is DENIED and Defendant's Motion (ECF No. 13) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                Very truly yours,

                /s/
                Beth P. Gesner
                Chief United States Magistrate Judge